IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JENNIE J. GLOVER,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: PWG-13-2112 |
| **UNITED STATES OF AMERICA,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This Memorandum Opinion disposes of Defendant United States of America's Partial Motion to Dismiss, ECF No. 9, and accompanying Memorandum, ECF No. 9-1; Plaintiffs' Opposition, ECF No. 11, and accompanying Memorandum, ECF No. 11-1; and Defendant's Reply, ECF No. 19. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated below, Defendant's Partial Motion to Dismiss shall be DENIED.

### I. BACKGROUND

For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiffs alleged in the Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Decedents Julianne Faith McCormack ("Julianne") and Jillian Angel McCormack ("Jillian") were the children of Plaintiffs Jeffrey A. McCormack and Jennie J. Glover. Compl. ¶¶ 4, 7, ECF No. 1. Because Mr. McCormack was a servicemember in the United States Armed Forces, his then-wife, Ms. Glover, received health care from the National Naval Medical Center ("NNMC") in Bethesda, Maryland. *Id.* ¶ 21. Following years of infertility, Ms. Glover discovered she was pregnant in December of 2009. *Id.* ¶ 20. She received an ultrasound at the NNMC, which showed a normal twin pregnancy. *Id.* ¶ 22. Two more ultrasounds yielded normal results: one

later in December and one in February of 2010. *Id.* ¶¶ 22–24. The February ultrasound was conducted and interpreted by Dr. Kimberly Hickey, *id.* ¶ 25, a medical doctor employed at the NNMC, *id.* ¶ 19.

On March 24, 2010, Dr. Hickey performed another ultrasound on Plaintiff, from which Dr. Hickey concluded that "both Julianne and Jillian had adequate growth" and that Ms. Glover's cervical measurement was normal. *Id.* ¶ 25. The day after the last ultrasound, Ms. Glover reported to Triage at the NNMC with a loss of amniotic fluid, prolapsed amniotic membranes, a dilated cervix, and a problem with the membrane surrounding one of her twins, and she was admitted to the hospital. *Id.* ¶¶ 26–28. Julianne was born on March 30, 2010 and died twenty-three days later as a result of complications incident to her premature birth. *Id.* ¶¶ 30, 32–33. Jillian was born on April 1, 2010 and died only twenty-three minutes later, also as a result of complications incident to her premature birth. *Id.* ¶¶ 36–37. Both twins were born at under twenty-four weeks' gestation. *Id.* ¶¶ 30, 36. According to Plaintiffs, "[h]ad defendant's employee properly interpreted the March 24, 2010 ultrasound and provided for follow-up treatment as required by the applicable standard of care, Julianne [and Jillian] would have remained in utero until a point where when born, [they] would have survived and been neurologically intact." *Id.* ¶¶ 34, 39.

Ms. Glover, for herself and each of the twins, filed claims with the Department of the Navy, which were denied on December 10, 2012. *Id.* ¶¶ 12–13. After reconsideration, the Navy issued its final denial on February 19, 2013. *Id.* Then, Ms. Glover timely filed two actions in the Health Care Alternative Dispute Resolution Office, which were transferred to this Court. *Id.* ¶ 14. Her four-count complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 ("FTCA"), alleges: (1) medical malpractice (survivor action) on

behalf of the estate of Julianne, (2) wrongful death on behalf of Ms. Glover individually for the death of Julianne, (3) medical malpractice (survivor action) on behalf of the estate of Jillian, and (4) wrongful death on behalf of Ms. Glover individually for the death of Jillian. *Id.* Ms. Glover lists Jeffrey A. McCormack as a "use" plaintiff, although he has not joined this action, and he did not join the administrative proceedings below. The United States filed the pending motion to dismiss Mr. McCormack as a plaintiff. That issue has been briefed fully and now is before me.

## II. STANDARD OF REVIEW

A defendant can move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Id.*; *see Lutfi v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d 752, 758 (D. Md. 2013) (quoting *Kerns*, 585 F.3d at 192). "[W]hen 'jurisdictional facts are inextricably intertwined with those [facts] central to the merits, the [district] court should resolve the relevant factual disputes only after appropriate discovery.'" *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012) (quoting *Kerns*, 585 F.3d at 193). This Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).

3

## III. DISCUSSION

The sole issue before me is whether Jeffrey A. McCormack should be dismissed as a party to this FTCA action. The parties agree that Mr. McCormack, after receipt of appropriate notice under Maryland law, did not pursue an administrative claim and has not appeared in this lawsuit. *See* Def.'s Mem. 1–2; Pls.' Mem. 1.

In moving to dismiss, Defendant argues that Mr. McCormack's failure to file an administrative claim forever bars him from being a party against the United States with regard to the claims in the complaint. Def.'s Mem. 1 (citing 28 U.S.C. § 2675(a)). Thus, according to Defendant, the United States has not waived sovereign immunity as to Mr. McCormack's claims and therefore he must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* at 3. Citing *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1990), Defendant argues that the exhaustion requirement is jurisdictional. *Id.*; *see* 28 U.S.C. § 2401(b) ( "[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

In response, Plaintiffs argue that a judgment entered without benefitting Mr. McCormack could be vacated because the Maryland Wrongful Death Act requires that both parents be parties to the suit. *See* Pls.' Mem. 1–2 (citing Md. Code Ann., Cts. & Jud. Proc. § 3-904(a)(1), (f); *Johnson v. Price*, 191 F. Supp. 2d 626, 629 (D. Md. 2001)). In their argument, Plaintiffs cite two related opinions authored by Chief Judge Chasanow. In each, Judge Chasanow ordered an FTCA plaintiff, bringing suit under the Maryland Wrongful Death Act, to amend his complaint to list the decedent's surviving children as plaintiffs. *Id.* at 2–3 (citing *Chang-Williams v. United States*, ---- F. Supp. 2d ----, 2013 WL 4454597 (D. Md. Aug. 15, 2013); *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604 (D. Md. 2011)). According to Ms. Glover, "keeping Mr. McCormack as a plaintiff will not change the facts of the case in any way, nor will it increase the

potential exposure of the defendant because Plaintiff's [*sic*] recovery is still limited to the amount claimed on the original administrative claim forms." *Id.* at 3–4.

In reply, Defendant does not take issue with Plaintiffs' reading of Maryland law, but points to the Fourth Circuit's holding that each claimant individually must satisfy the jurisdictional requirements. Def.'s Reply 3 (citing *Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993)). Therefore, citing the Supremacy Clause of the U.S. Constitution, U.S. Const. art. VI, cl. 2, and related case law, Defendant argues that the exhaustion requirement of the FTCA supersedes the party-in-interest requirement of the Maryland Wrongful Death Act. *See* Def.'s Reply 2–3. Defendant argues that the Maryland Wrongful Death Act, a "State statute or procedural rule," cannot confer federal jurisdiction where none exists. *Id.* at 5. Last, Defendant disagrees that its exposure to liability is not affected by Mr. McCormack remaining as a party. *Id.* at 7. Defendant argues that two caps apply to FTCA recovery: (1) the amount sought in the administrative complaint and (2) the amount a private individual under like circumstances would receive. *Id.* (citing 28 U.S.C. § 2674). Defendant argues that "the amount a private individual under like circumstances would receive" could increase with Mr. McCormack's participation. *Id.* (citing Cts. & Jud. Proc. § 3-2A-09(b)(2)(ii)).[1]

Generally, "if there are multiple claimants in the matter, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf." *Muth*, 1 F.3d at 249 (internal quotation marks omitted). I

---

[1] This argument first is raised in Defendant's Reply Brief, and only in passing. It appears to suggest that Defendant could argue for the application of a common law damages cap lower than the amount Ms. Glover sought in her administrative claims. Defendant's argument suggests that, with Mr. McCormack's participation as an additional plaintiff, the amount of recovery could rise closer to what Ms. Glover sought in her administrative claims. However, because this issue has been raised only in Defendant's Reply Brief and has not been briefed fully, it is not possible to address it meaningfully here.

5

recognize the potential tension between that general statement and this Court's decision in, for example, *Chang-Williams v. United States*, 2013 WL 4454597. However, I am persuaded that Chief Judge Chasanow properly reconciled the Maryland Wrongful Death Act, the FTCA, and Fourth Circuit precedent. Defendant is correct that exhaustion is a non-waivable jurisdictional requirement. *See, e.g.*, *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). "Nonetheless, because the FTCA 'was not intended as a trap for the unwary claimant,' courts in this district have 'allowed claims to go forward when all of the plaintiffs have not filed separate claims and the claims arose out of the same facts and were for the same amount of money.'" *Chang-Williams v. United States*, 2013 WL 4454597, at *23 (quoting *Starr v. United States*, 262 F. Supp. 2d 605, 607 (D. Md. 2003)); *see Munger v. United States*, 116 F. Supp. 2d 672, 676 (D. Md. 2000) ("Since the government was preparing for a claim from the administrator of the estate, they are not prejudiced by a claim from the parents because the standards of law are the same, even though the theories of recovery are different.").

As prior cases in this Court establish, whether Mr. McCormack individually filed a claim is not outcome determinative as to whether the jurisdictional prerequisite of exhaustion is met. Whether his claim has been presented to the agency depends not on whether he was the individual to present it, but on whether the Government has "adequate notice to conduct a proper investigation into the underlying incident and places a 'sum certain' on the claim's value." *Chang-Williams v. United States*, 2013 WL 4454597, at *23 (internal citations omitted). As this Court explained in *Munger* and *Chang-Williams*, exhaustion requires that the claim, but not necessarily the claimant or the theory of recovery, be presented to the agency. *See id.*; *Munger*, 116 F. Supp. 2d at 676. Here, the United States was provided adequate notice, based on Ms. Glover's administrative claim, that a potential future action would include a wrongful death

claim under the Maryland Wrongful Death Act. The Maryland Wrongful Death Act provides that a wrongful death action "shall be for the benefit of the wife, husband, parent, and child of the deceased person." Cts. & Jud. Proc. § 3-904(a)(1). "By its plain terms, this statutory language should have provided notice to the Government that [decedents'] surviving parents would be joined in any eventual lawsuit." *Chang-Williams v. United States*, 2013 WL 4454597, at *23.

The logic of the *Chang-Williams* decision is amplified in this case precisely because Mr. McCormack has not shown a desire to participate. The omitted parties in *Chang-Williams* sought to participate in the lawsuit. *See Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d at 630–31. Because the Court held that the claims had been presented to the Navy, joinder was ordered. *Id.* Here, a judgment entered for the Plaintiffs could be vacated if Mr. McCormack is not included. *See Johnson*, 191 F. Supp. 2d at 629 (citations omitted). Therefore, "the court cannot accord complete relief among existing parties" when a beneficiary is excluded. Fed. R. Civ. P. 19(a)(l)(A); *see also Ward v. Walker*, 725 F. Supp. 2d 506, 510–11 (D. Md. 2010) (holding that decedent's daughter was a necessary party to the Maryland wrongful death action); *Johnson*, 191 F. Supp. 2d at 630 (same). Mr. McCormack's inclusion protects any judgment entered for Plaintiffs, *see Walker v. Essex*, 569 A.2d 645, 648 (Md. 1990) (a judgment should not be entered "unless it include[s] the interests of all of the known beneficiaries"), and protects the United States "'from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury, when all the parties could be joined in one proceeding,'" *Univ. of Md. Med. Sys. Corp. v. Muti*, 44 A.3d 380, 389 (Md. 2012) (quoting *Walker*, 569 A.2d at 648). In contrast, preventing Ms. Glover from including Mr. McCormack, a mandatory party, because

he did not join in her administrative claims could allow his nonparticipation to bar her claims completely under the Maryland Wrongful Death Act.

Therefore, because the underlying facts of Mr. McCormack's claim are identical to those presented through Ms. Glover's administrative complaint, I find that the Department of the Navy was presented with his claims, even though he was not the individual to present them. Further, when read in conjunction with the Maryland Wrongful Death Act, Ms. Glover's administrative claims afforded Defendant adequate notice as to Mr. McCormack's future inclusion in this lawsuit and the claims that would be brought for his benefit.

## IV. CONCLUSION

For the reasons stated above, Defendant's Partial Motion to Dismiss shall be DENIED. A separate order shall issue.

Dated: <u>January 27, 2014</u>                    /S/
                                      Paul W. Grimm
                                      United States District Judge

jwr